FILED

**NOT FOR PUBLICATION**

MAR 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANTONIO ESCALANTE-JIMENEZ, AKA Jose Antonio Escalante, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-71774 Agency No. A092-730-905 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2013[**]
Portland, Oregon

Before: CLIFTON and BEA, Circuit Judges, and MAHAN, District Judge.[***]

Jose Antonio Escalante-Jimenez entered the United States in 1976 and

attained temporary resident status in 1988. His temporary resident status was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, U.S. District Judge for the District of Nevada, sitting by designation.

terminated in 1996, and three years later, he was convicted of possession of cocaine in violation of Oregon law. *See* Or. Rev. Stat. § 475.992(1) (1999), *renumbered as* 475.752(1). At his removal hearing before the Immigration Judge (IJ), Escalante-Jimenez conceded to "inadmissibility" under section 212 of the Immigration and Nationality Act (INA), and asked for asylum and other relief. *See* INA §§ 212(a)(6)(A)(i); 212(a)(2)(A)(i)(II). The IJ denied relief and ordered removal, and the BIA affirmed. On petition for review, Escalante-Jimenez argues that he should be allowed to withdraw his concession and that he is entitled to asylum. We deny his petition for review.

Escalante-Jimenez is bound by his pleading-stage concession. The record does not clearly contradict his concession that he is "inadmissible" for conviction of a crime related to a controlled substance. *See Perez-Mejia v. Holder*, 663 F.3d 403, 416-17 (9th Cir. 2011). Escalante-Jimenez has not demonstrated that the government failed to follow the appropriate statutory procedures to terminate his temporary residency. If Escalante-Jimenez's temporary residency was properly revoked, regulations permit the government to commence "deportation proceedings" against him. 8 C.F.R. § 245a.2(u)(2)(1). It is not clear that the government cannot charge an alien who no longer has temporary resident status with "inadmissibility" in these "deportation proceedings." And if Escalante-

Jimenez was not adequately notified of the termination of his temporary residency, regulations still permit the government to "exclu[de]" him on certain grounds, including drug convictions. 8 C.F.R. § 245a.2(u)(2)(i)(A)(3); *see also* INA §§ 245A(d)(2)(B)(ii); 212(a)(2)(A)(i)(II). It is also not clear that "exclusion" does not encompass "inadmissibility." The BIA did not err in holding Escalante-Jimenez to his concession.

The BIA also did not err in denying asylum. Escalante-Jimenez claims membership in the group of "Salvadorian nationals who are returning from the United States after a very long period . . . and who are thus perceived as vulnerable, wealthy and holding a conflicting political opinion by the gangs." This proposed group is too broad and lacks both particularity and social visibility to qualify Escalante-Jimenez for asylum. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745 (9th Cir. 2008), *limited by Henriquez-Rivas v. Holder*, No. 09-71571, slip. op. at 25 (9th Cir. Feb. 13, 2013) (en banc); *Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005).

**PETITION DENIED.**